IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETTIX MCMILLAN,

     Plaintiff,

     v.                            CASE NO. 24-3121-JWL

BRYON ALEXANDER, et al.,

     Defendants.


**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.   Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  Plaintiff has paid the filing fee.  On August 7, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.  This matter is before the Court on Plaintiff's response (Doc. 5).

Plaintiff alleges that he was injured while working out on outdoor weight equipment at LCF.  (Doc. 1, at 2.)  Plaintiff attaches documentation showing that the incident occurred on March 29, 2022.  *See* Doc. 1–1 (Plaintiff's Affidavit of Truth; grievances).  Plaintiff alleges that he received a severe head injury that was caused by a "neglected, unattended-to, semi-broken machine weight equipment cable [that] snapped while Plaintiff was exercising," causing the weight bar to land on Plaintiff's forehead.  (Doc. 1, at 2.)  Plaintiff argues that he received a "major laceration" across his forehead that required several stitches.  *Id*.  He claims that the one-inch laceration required stitches, and he now suffers from "post concussion syndrome," PTSD,

migraines, mental and emotional injuries, blackouts, memory loss, loss of cognitive skills, nausea, neck pain, and sensitivity to light. *Id*. at 2–3.

Plaintiff alleges that Defendant Bryon Alexander was made aware of the faulty weightlifting equipment and was responsible for the maintenance and upkeep of the equipment. *Id*. at 3–4. Plaintiff alleges that he and several other inmates voiced their concerns to Alexander about broken, unsafe, and faulty equipment, but Alexander did nothing after being made aware of these concerns. *Id*. at 4.

Plaintiff alleges that Defendant Kim Tilson failed to act diligently in treating Plaintiff's injuries. *Id*. Plaintiff alleges that Tilson originally refused to provide Plaintiff with stitches, and did nothing to help Plaintiff with his physical pain and emotional/mental distress. *Id*.

Plaintiff names as defendants Bryon Alexander, Activity Specialist II at LCF, and Kim Tilson, Medical Health Care Administrator at LCF. Plaintiff seeks nominal, punitive, and compensatory damages. *Id*. at 7.

Plaintiff brings claims based on an incident occurring on March 29, 2022. The Court held in the MOSC that the statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.[1]  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

---

[1] Although the Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic, it was reinstated prior to the events underlying the claims in this case. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). The tolling or suspension is set forth in Kansas Supreme Court Administrative Order 2020-PR-016, as amended by Kansas Supreme Court Administrative Order 2020-PR-32. The AO reinstated the statute of limitations effective April 15, 2021.

In his response, Plaintiff argues that he is not time-barred because the two-year time period runs from the date the cause of action accrues.  (Doc. 5, at 1.)  However, while state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action."  *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).  The facts supporting Plaintiff's claim were apparent when he was injured on March 29, 2022.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).  It plainly appears from the face of the Complaint that Plaintiff's claims are barred by the applicable two-year statute of limitations.

Although Plaintiff's Complaint was not electronically filed with the Court until July 15, 2024, he signed his Complaint on June 21, 2024.  Plaintiff's alleged violations occurred around March 29, 2022.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.  His response fails to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.  This matter is dismissed for failure to state a claim.[2]

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated September 19, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] A dismissal as time-barred is for failure to state a claim and is a strike.  *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).